FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 JUN 13 PM 12 53

U.S. DISTRICT COURT
N.D. OF ALABAMA

REGINALD PATTERSON,

    Plaintiff,

vs.                                               CASE NO. CV-99-J-517-S

CITY OF FAIRFIELD, et al.,

    Defendants.

ENTERED
JUN 13 2000
asl

## MEMORANDUM OPINION

Currently pending before the court is the defendant's motion for summary judgment (doc. 11), to which the plaintiff has not responded.[1]

## FACTUAL BACKGROUND

Plaintiff commenced this action on January 12, 1998 by filing a *pro se* complaint in the Circuit Court of Jefferson County. This complaint alleged malicious prosecution and U.S. Constitutional violations of his fourteenth, sixth, ninth, fourth and fifth amendment rights. *See* Complaint. He thereafter obtained an attorney, who filed a separate lawsuit on

---

[1]The motion for summary judgment was filed on February 1, 2000. On February 11, 2000, plaintiff's counsel filed a motion to withdraw (doc. 12). The plaintiff responded to the motion to withdraw by letter copied to the court and also filed a motion to consider documents (doc. 13). The motion to consider documents also requested additional time to respond to the defendants' motion for summary judgment. The court granted counsel's motion to withdraw on February 15, 2000 (doc. 14). On April 1, 2000, this case was reassigned to the undersigned judge (doc. 17). On April 19, 2000, this court entered a submission order for the motion for summary judgment allowing the plaintiff until May 9, 2000 to respond (doc. 18). On April 28, 2000, this court entered a ruling on the plaintiff's motion to consider documents, and allowed him until May 26, 2000 to obtain counsel and/or file a response to the motion for summary judgment (doc. 19). No response has been received by the court to date.



the plaintiff's behalf against Wal-Mart, and moved to consolidate the two cases.[2] An amended complaint was filed in February, 1999, alleging the following relevant facts and causes of action:

The plaintiff states that he began working for the City of Fairfield as a police officer on June 13, 1993. Amended complaint at ¶ 3. In October, 1993, he was notified that a $78.16 check, written on his account, was written to Wal-Mart in Fairfield in September 1993. *Id.* at ¶¶ 4-5. This check was apparently returned for insufficient funds. *Id* at ¶ 5; Exhibit 1 to defendants' memorandum of law. The plaintiff learned from other people his estranged wife was writing checks on his checking account. Amended complaint at ¶¶ 8-9, 13-15. In November, 1993, the plaintiff learned that fourteen complaints of worthless checks had been lodged against him. *Id.* at ¶¶ 10-11. The plaintiff paid restitution on eleven of these checks. *Id.* at ¶ 12; deposition of plaintiff at 51-52, submitted as Exhibit 2 to defendants' memorandum.

Plaintiff alleges that in April, 1994, he became involved in surveillance activities in which he saw the city attorney involved in illegal activities. Amended complaint at ¶¶ 17-34. In May, 1994, the plaintiff turned himself in on an arrest warrant for six or seven worthless checks in Homewood, Alabama, on which he later pled guilty and paid restitution. *Id* at ¶¶ 35, 39; depo. of plaintiff at 58, 61. Plaintiff was suspended from his regular duties in June,

---

[2]As detailed *infra*, both of these lawsuits, as well as a third suit in the United States District Court for the Northern District of Alabama, alleging employment discrimination (*Patterson v. City of Fairfield, et al.*, CV 95-B-2875-S), all arise from the exact same set of facts.

1994, thereafter tested positive for cocaine in a drug test, and resigned from the Fairfield Police Department on July 11, 1994. Amended complaint at ¶¶ 38-44, 47; depo. of plaintiff at 26-28. Also on July 11, 1994, a Wal-Mart representative signed a complaint against the plaintiff for the worthless check written in September, 1993, and an arrest warrant for the plaintiff was issued on this complaint. Amended complaint at ¶¶ 45-46, 48; *see also* Exhibits 5 and 7 to defendants' memorandum of law. In February 1997, the plaintiff requested the warrant be removed because his estranged wife actually wrote the checks. Amended complaint at ¶¶ 52-54. Somehow, the plaintiff learned that the arrest warrant was removed from and then replaced on the NCIC. *Id.* at ¶¶ 56-57. Therefore, in July, 1997, three years after he first learned the warrant was issued, the plaintiff turned himself in to the Fairfield Police Department. *Id.* at 58; Exhibit 9. The plaintiff alleges he was "cleared of any wrongdoing" pertaining to this check in October, 1997. Amended complaint at ¶ 62; depo. of plaintiff at 42; Exhibit 5.

  The plaintiff filed suit against Sebastian Goldman, who was the worthless check unit officer at the time the warrant issued; Patrick Mardis, who was Goldman's supervisor; and the City of Fairfield. Depo. of plaintiff at 121-122, 229-230. He sued the City of Fairfield based on vicarious liability for the individual defendants' actions. Depo. of plaintiff at 230. The plaintiff stated at his deposition that he sued Goldman because he "allowed a warrant, a warrant that should not have been good, to be issued. He allowed it to happen." Depo. of plaintiff at 229. The plaintiff further testified that he sued Mardis solely because he was

Goldman's supervisor. Depo. of plaintiff at 229, 230. He also said that he sued Goldman for allowing Wal-Mart to sign a warrant against him in retaliation for the allegations he made against the city attorney in April of 1994.³ Depo. of plaintiff at 232.

The plaintiff sues for violations of 42 U.S.C. § 1983 (Count I); conspiracy to violate his civil rights under 42 U.S.C. § 1985(c) (Count II); Invasion of Privacy (Count III); Negligent/Reckless Supervision (Count IV); Negligent Hiring and Retention (Count V); State Conspiracy (Count VI); Intentional Infliction of Emotional Distress (Count VII); Negligent Infliction of Emotional Distress (Count VIII) and State Constitutional Violations (Count IX).

The defendants removed this case to this court on March 4, 1999.

## STANDARD FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

---

³Although the deposition states "1997" instead of "1994" the court finds this must be a typographical error or due to a misstatement by the attorney at deposition because the investigation during which the plaintiff accused the city attorney of wrongful behavior occured in April, 1994 and plaintiff resigned in 1994.

> proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coates & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). "The moving party is entitled to judgment as a matter of law if the nonmoving party cannot sufficiently show an essential element of the case to which the nonmoving party has the burden of proof." *Cornelius v. Town of Highland Lake,* 880 F.2d 348, 351 (11th Cir.1989), *cert. denied*, 494 U.S. 1066, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990). Summary judgment is appropriate where the moving party shows an absence of evidence to support an essential element of the

nonmoving party's case. *Weiss v. School Board of Hillsborough County*, 141 F.3d 990, 994 (11th Cir. 1998).

## LEGAL ANALYSIS

### A. Count I - 42 U.S.C. § 1983

Considering all of the evidence the court has before it in the light most favorable to the plaintiff, the court notes that the facts plaintiff alleges state that he knew, with certainty, in July, 1994 that a warrant had been issued for his arrest on the worthless check written to Wal-Mart. All of his allegations in this suit stem from the issuance of that warrant. Thus, this court must address whether any of the plaintiff's claim were filed in a timely fashion when he filed this litigation on January 12, 1998. The defendants argue the claims are untimely because the plaintiff learned of the warrant on July 16, 1994, and testified that he knew his rights had been violated in 1995, based on research he did at the time. Memorandum of defendants at 4; plaintiff's depo. at 133-135; Exhibit 7.

This court finds that regardless of when the plaintiff did research on whether his rights had been violated, the relevant inquiry for when the statute of limitations would begin to run was at what point the plaintiff knew the allegedly meritless warrant had been issued. At the time the plaintiff learned a warrant for his arrest had issued, July 16, 1994, he knew or should have known that he could be arrested on it. *See* Exhibit 5; depo. of plaintiff at 103. The plaintiff even testified during his deposition that he decided his rights had been violated "from the moment I got that letter" from the city magistrate informing him a warrant for his

6

arrest had been issued. Depo. of plaintiff at 132; Exhibit 7. Thus, the time the plaintiff learned of the issuance of the warrant for his arrest is the relevant date for ascertaining whether his claims are timely.

Under 42 U.S.C. § 1983, the court must look to underlying state law for the statute of limitations. The Supreme Court has instructed that the court must apply the residual or general personal injury statute of limitations to 42 U.S.C. § 1983 actions. *Owens v. Okure*, 488 U.S. 235, 236, 109 S.Ct. 573, 574 (1989). *See also McKissick v. Busby*, 936 F.2d 520, 521-22 (11th Cir.1991); *Gorman v. Woods*, 663 So.2d 921, 922 (Ala.1995). In Alabama, that statute is found at §6-2-38(l) Alabama Code 1975, as amended, and states that the time limit for bringing such actions is two years. Therefore, the court finds the plaintiff's claim for violations of his civil rights under 42 U.S.C. § 1983 to be untimely, as the cause of action accrued in July, 1994 and this case was not filed until three and a half years later, in January, 1998.[4] The plaintiff has set forth no evidence, and no set of facts under which this court can find that his cause of action did not accrue until after January, 1996.

The court has considered the potential argument that the plaintiff could have made that it was the actual arrest, in 1997, which deprived the plaintiff of his civil rights, and not the issuance of the arrest warrant. However, the court would be unpersuaded by such an

---

[4] By referring to Count I of the plaintiff's amended complaint, his claim under 42 U.S.C. 1983, as a cause of action, the court in no way implies that the factual allegations, in the light most favorable to the plaintiff, support such a cause of action. Rather, the court finds that it need not determine whether or not the plaintiff has established a cause of action under that statute sufficient to present his case to a jury because the court finds that even if such a cause of action was sufficiently stated, it is barred by the statute of limitations.

7

argument. Because the plaintiff knew about the warrant in 1994, and had several years in which to determine the warrant was not going to be executed, by turning himself in he created a cause of action in 1997 where none had existed because of the statute of limitations. In other words, allowing the date the plaintiff voluntarily went to the Fairfield Police Station and turned himself in as the date he was deprived of his civil rights for purposes of the statute of limitations allows the plaintiff to, in essence, toll the statute of limitations at his whim.

Furthermore, from a reading of the complaint, amended complaint, and other documents filed by the plaintiff, he complains of the actual issuance of the arrest warrant because of his belief that defendant Goldman "allowed" the same to be issued in bad faith and with the knowledge that the plaintiff's estranged wife wrote the check in question. The plaintiff states "defendants deprived plaintiff of his liberty by engaging in a pattern of harassing conduct and by subjecting plaintiff to an arrest and to a reappearing warrant originally issued in bad faith and without probable cause." Amended complaint at ¶ 71. Since the event about which the plaintiff complains is the issuance of the warrant, this is the event the court must use to determine when the statute of limitations began to run. As such, this court finds that any 42 U.S.C. § 1983 claim the plaintiff alleges from this set of facts is barred by the statute of limitations. The court shall dismiss Count I of the plaintiff's amended complaint by separate order.[5]

---

[5] The defendants further argue that the City of Fairfield cannot be liable under § 1983 for an injury inflicted solely by its employees or agents, citing *Monell v. Department of Social Services*, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). *See also City of*

## B. Count II - 42 U.S.C. § 1985 (3)

The plaintiff alleges that the defendants conspired to deprive him of his civil rights by subjecting him to an arrest based on a meritless warrant.[6] Beyond the plaintiff's statement that Goldman allowed a warrant to issue and that Mardis was Goldman's supervisor, the plaintiff alleges no facts which could support a cause of action for conspiracy to deprive the plaintiff of his civil rights. He does not allege that the two individual defendants ever undertook any action beyond Goldman's presenting the complaint to a magistrate judge, nor does he allege that either of them persuaded Wal-Mart to pursue the worthless check by swearing out a complaint, or that Mardis even knew the warrant was issued. *See* depo. of plaintiff at 229-230. When asked what facts he had to support his claim that Goldman and Mardis conspired to have a warrant issued for his arrest, the plaintiff testified "I got some

---

*Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Although the court acknowledges that this is a correct statement of law, because the court has found that any claim under § 1983 is barred based on the statute of limitations, the court declines to analyze further bases which similarly bar any cause of action under § 1983 stemming from the warrant. Similarly, even if the plaintiff could claim that the arrest on the warrant and not the warrant itself was the cause of his alleged injuries, no evidence exists that the two individual defendants were present when the plaintiff decided in 1997 to turn himself in to the Fairfield police. Even further casting doubt on the viability of any claim is the plaintiff's inability to show that Mardis actually participated in the wrongful conduct he attributes to Goldman, further barring this cause of action against him under *Post v. City of Fort Lauderdale*, 7 F.3d 1552 (11th Cir. 1993).

[6]The court notes that both Count I and Count II of the complaint also raise serious questions as to whether the defendants are immune from suit because of the plaintiff's failure to establish any violation of clearly established law. *See, e.g. Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993). *See also Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 410 (1982); *Lassiter v. Alabama A & M University*, 28 F.3d 1146, 1149-50 (11th Cir. 1994).

9

facts that Sebastian Goldman was the worthless check officer and that Patrick Mardis was the administrative lieutenant ..." Plaintiff's depo. at 232-233.

The plaintiff further testified that he learned of the warrant because he received a letter from Velma Pickett, the magistrate in Fairfield, that a warrant had been issued for his arrest on July 11, 1994. Depo. of plaintiff at 79-80. The plaintiff stated he decided from the moment he got the letter that his civil rights had been violated. *Id.* at 132. He testified that he called the magistrate and learned that she issued the warrant because Mardis and Goldman went to her "and she had to do her job." *Id.* at 79-80. When asked again what he alleged defendant Goldman did which resulted in Wal-Mart signing a complaint, the plaintiff testified "He's the worthless check officer." *Id.* at 121. The plaintiff then stated as follows:

> Q. Well, other that worthless check officer, is there anything else that you claim he did?
>
> A. Anything else I claim?
> No, I don't claim anything else, none other than that.
>
> Q. You don't know of anything actively that he did, do you?
>
> A. He didn't read his code book.
>     ....
>
> Q. Do you claim that Pat Mardis took any actions that resulted in Wal-Mart signing that warrant?
>
> A. No, I don't.

Depo. of plaintiff at 121-122.

10

To establish a claim for a 42 U.S.C. § 1985(3) conspiracy, a plaintiff must show an agreement between two or more persons to deprive him of his civil rights. *Dickerson v. Alachua County Comm'n*, 200 F.3d 761, 767 (11th Cir.2000). Even assuming the plaintiff could show some agreement between Mardis and Goldman to deprive him of his rights, this claim would be barred by the intracorporate conspiracy doctrine. The reasoning of this doctrine is that a single legal entity consisting of the corporation and its agents cannot conspire with itself, just as a single person cannot conspire with himself or herself. *Id.* at 767. This doctrine applies to not only private corporations, but also to public, government entities. *Id.* Because both individual defendants are employees of the third defendant, the City of Fairfield, the court must view each of these defendants as part of the same legal entity, thus not capable of conspiring together. *Taylor v. Alabama*, 2000 WL 530762 at 13-15 (M.D.Ala. 2000).

Nothing in the facts before this court gives rise to a conspiracy to violate the plaintiff's civil rights under 42 U.S.C. § 1985(3) that this court could deem sufficient to raise a genuine issue of material fact on this cause of action. As such, this count of the Amended Complaint shall be dismissed by separate order.

### C. Count III- Invasion of Privacy

The plaintiff has submitted no evidence in support of his claim for invasion of privacy. Viewing every document and pleading in the light most favorable to the plaintiff, he has no made out a cause of action for invasion of privacy.

11

Under the theory of an intrusion upon the seclusion of a person as constituting the alleged invasion of privacy of the plaintiff, this wrong consists of "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." *McIsaac v. WZEW-FM Corp.*, 495 So.2d 649, 651 (Ala.1986).

Nothing in the facts before this court even gives rise to an invasion of privacy claim that this court could deem sufficient to raise a genuine issue of material fact on this cause of action. As such, this count of the Amended Complaint shall be dismissed by separate order.

### D. Count IV - Negligent/Reckless Supervision and Count V – Negligent Hiring and Retention

The plaintiff states that the defendant City of Fairfield was negligent or reckless in allowing its employees to knowingly issue a meritless warrant for his arrest in 1994. The court finds the two year statute of limitations for negligence actions bars this claim. §6-2-38(l), Ala.Code. As a further bar to these two causes of action, the defendants allege the City of Fairfield and the officers are immune from suit for the issuance of a warrant unless the officers' behavior is so egregious as to amount to willful or malicious conduct or conduct undertaken bad faith. Defendants' memorandum at 9, citing *Montgomery v. City of Montgomery*, 732 So.2d 305, 312 (Ala.Civ.App.1999).

The plaintiff also alleges that the City of Fairfield was negligent in hiring and retaining employees who fail to follow standard procedures for issuing an arrest warrant.

12

The plaintiff does not specify what procedures were not followed. The court finds the two year statute of limitations for negligence actions bars this claim as well. §6-2-38(l), Ala.Code. The court notes that even if the statute of limitations did not act as a bar to these claims, and the plaintiff had put forth some evidence of the individual defendants' actions in issuing the warrant being undertaken in bad faith, both of these causes of action would still fail on motion for summary judgment because of the plaintiff's lack of evidence that the employer City had any knowledge of the defendants' allegedly wrongful behavior.

The Alabama Supreme Court has stated that "the master is held responsible for his servant's incompetence when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. Liability depends on it being established by affirmative proof that such incompetence was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge. It is incumbent on the party charging negligence to show it by proper evidence." *Lane v. Central Bank of Alabama*, 425 So.2d 1098, 1100 (Ala.1983).

The plaintiff has failed to meet his burden of proof to survive the defendants' motion for summary judgment on these counts of the complaint as no evidence of the City's knowledge of the individual defendants alleged incompetency has been placed before this court. *See Perkins v. Dean*, 570 So.2d 1217, 1219 (Ala.1990). The record lacks evidence of any wrongful action by the individual defendants and therefore must be deficient in evidence to support an inference that the City of Fairfield knew or should have known of the

individual defendants incompetence. Even if this court could state that the plaintiff has met his burden on summary judgment of establishing some unfitness on the part of the individual defendants, no evidence of the City's awareness of such unfitness has been presented to this court. "The mere fact of an injury occurring is not evidence of negligence, and in negligent supervision cases, negligence will not be found by inference." *N.J. v. Greater Emanuel Temple Holiness Church*, 611 So.2d 1036, 1037 (Ala.1992). As such, these two counts of the complaint shall be dismissed by separate order.

### E. Count VI - State Conspiracy

The plaintiff does not state upon what facts this count of the Amended Complaint is based. Nor does he state what elements he believes give rise to such a cause of action under Alabama or Federal law. As this court can find no set of facts under which the plaintiff could recover for this count of the complaint, this count shall be dismissed by separate order.

### F. Count VII - Intentional Infliction of Emotional Distress

The plaintiff alleges that his arrest on the meritless warrant intentionally inflicted emotional distress. Intentional infliction of emotional distress is also known as the tort of outrage. *American Road Serv. Co. v. Inmon*, 394 So.2d 361 (Ala.1980). The Alabama Supreme Court has discussed the elements of the tort of outrage as follows:

> In *American Road Service Co. v. Inmon*, 394 So.2d 361, 365 (Ala.1980), this Court set forth the following elements for the tort of outrage: (1) that the defendant's conduct was intentional or reckless; (2) that it was extreme and outrageous; and (3) that it caused emotional distress so severe that no reasonable person could be expected to endure it. We stated:

> "The emotional distress [resulting from the conduct] must be so severe that no reasonable person could be expected to endure it. Any recovery must be reasonable and justified under the circumstances, liability ensuing only when the conduct is extreme.... By extreme we refer to conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society."

*Sanders v. Shoe Show, Inc.*, 2000 WL 283894 at 4 (Ala.Civ.App.2000); citing *Inmon*, 394 So.2d at 365. *See also Moore v. Spiller Associated Furniture, Inc.*, 598 So.2d 835, 836 (Ala.1992).

The court fails to find any set of facts alleged by the plaintiff which could give rise to this cause of action as the plaintiff knew about the warrant for his arrest for three years before he made the decision to turn himself in on the warrant. As such, the only intentional action this court can find by someone other than the plaintiff occurred in 1994 when the warrant was issued. Even if facts were alleged which supported such a cause of action, this claim is barred by the statute of limitations. *See* §6-2-38(l), Ala.Code. This claim shall be dismissed by separate order.

### G. Count VIII - Negligent Infliction of Emotional Distress

The plaintiff provides this court no law or argument for what facts he believes occurred which could comprise a cause of action for negligent infliction of emotional distress. Because this is not a recognized tort under Alabama Law, this count of the complaint shall be dismissed by separate order. *See Taylor v. Alabama*, 2000 WL 530762 at 15 (M.D.Ala.2000); citing *Allen v. Walker*, 569 So.2d 350, 352 (Ala.1990).

### H. Count IX - Violations of the Fifth and Fourteenth Amendments to the State Constitution

The court finds that the Fifth and Fourteenth Amendments to the Alabama Constitution are completely irrelevant to the facts before this court.[7] Although this court should not have to guess at what cause of action the plaintiff meant to claim, the court believes the plaintiff was trying to state that his Fifth and Fourteenth Amendment rights under the United States Constitution had been violated. Guessing the plaintiff is attempting to make some sort of due process claim, this court finds the defendants to be entitled to qualified immunity from such a claim. *See e.g. Post v. City of Fort Lauderdale*, 7 F.3d at 1560. The court finds no facts establishing that the issuance of the warrant was clearly unjustified. The defendants were able to present enough information to a magistrate judge to determine reasonable cause existed to issue the warrant.[8] The defendants never executed the warrant. No action was taken on the warrant for three years, when the plaintiff decided to turn himself in. The plaintiff makes a further argument about the warrant appearing, disappearing and reappearing from the NCIC, but makes no allegations that the defendants here were responsible for such activity.

---

[7]The Fifth Amendment to the Alabama Constitution allows specific compensation to Montgomery County officials beginning in 1916. The Fourteenth Amendment creates an exemption from poll tax for World War I veterans. Neither of these amendments is of any benefit to the plaintiff.

[8]As the defendants themselves have no ability to issue warrants, this court further questions plaintiff's legal basis for this suit. At no time does the plaintiff accuse the magistrate judge of wrongdoing, although she is the only actor involved in the facts before this court who issued an arrest warrant for plaintiff.

16

Thus, whether the plaintiff intended to sue under the Alabama or the United States Constitution, this court finds that this count of the complaint must be dismissed for failure to raise a genuine issue of material fact or to allege facts which could support such a claim. This count of the complaint shall be dismissed by separate order.

## CONCLUSION

In consideration of the foregoing, the court finds no allegation by the plaintiff sufficient to withstand summary judgment. The plaintiff has presented this court with no evidence which creates a genuine issue of material fact for trial. The court therefore shall dismiss by separate order all counts of the Amended Complaint against all defendants with prejudice.

**DONE** and **ORDERED** this the ___13___ day of June, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE